IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SARAH HAAS,

                Plaintiff,

v.                                                                                            OPINION and ORDER

SLATE LENDING OF WISCONSIN d/b/a BLUE                     21-cv-648-jdp
FROG LOANS,

                Defendant.

---

Plaintiff Sarah Haas entered into a payday loan agreement with defendant Slate Lending of Wisconsin in December 2020. Haas has paid off that loan, but she seeks damages because she contends that the agreement violated the Electronic Funds Transfer Act and the Wisconsin Consumer Act. She also contends that Slate obtained and shared her credit report multiple times between September 2016 and May 2020, in violation the Fair Credit Reporting Act and Wisconsin's privacy statute.

Slate moves to compel arbitration under the Federal Arbitration Act and dismiss the case without prejudice, contending that both sets of claims are subject to an arbitration clause in the parties' agreement. Dkt. 4. Hass opposes the motion on several grounds, but the court concludes for the reasons stated below that Haas must raise her objections to the arbitrator rather than this court.

ANALYSIS

Slate's motion to compel arbitration is based on the Federal Arbitration Act (FAA), which allows parties to seek court enforcement of an arbitration agreement when another party fails to comply. 9 U.S.C. §§ 2–4. Generally, a party moving to compel arbitration must show

three things: (1) an agreement to arbitrate; (2) a dispute within the scope of the arbitration agreement; and (3) a refusal by the opposing party to proceed to arbitration. *Druco Restaurants, Inc. v. Steak N Shake Enterprises, Inc.*, 765 F.3d 776, 781 (7th Cir. 2014). In this case, there is no dispute the parties signed an arbitration agreement that purports to cover the claims in this case, but Haas opposes Slate's motion to compel on four grounds: (1) the arbitration clause may be "rejected" because it is "infinite" and "perpetual"; (2) the clause should be "voided" because it includes a misrepresentation; (3) the arbitration clause is unconscionable; and (4) the Wisconsin Consumer Act prohibits enforcement of the clause.

Before considering the merits of Haas's arguments, the court must consider Slate's contention that Haas's objections are themselves subject to the arbitration agreement, so they must be presented to the arbitrator rather than this court. Slate points to the section of the loan agreement relating to arbitration, which the agreement refers to as simply the "Clause." Dkt. 6-1, at 6. A provision in the Clause states that "All Disputes" between the parties are subject to arbitration, and it defines "All Disputes" as follows:

> In this Clause, the word "Disputes" has the broadest possible meaning. This Clause governs all "Disputes" involving the parties. This includes all claims even indirectly related to your application and agreements with us. This includes claims related to information you previously gave us. It includes all past agreements. It includes extensions, renewals, refinancings, or payment plans. It includes claims related to collections, privacy, and customer information. *It includes claims related to setting aside this Clause. It includes claims about the Clause's validity and scope. It includes claims about whether to arbitrate.*

*Id.* (emphasis added). Because the agreement says that disputes over the "validity and scope" of the clause are subject to arbitration, Slate says that Hass must litigate her objections to the Clause before the arbitrator.

2

Haas doesn't respond to Slate's argument that all of Slate's objections to the arbitration agreement must be decided by the arbitrator, suggesting that she has forfeited the issue. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Regardless, the court concludes that *Rent-A-Center, West., Inc. v. Jackson*, 561 U.S. 63 (2010), requires the arbitrator rather than this court to decide Hass's objections to arbitrability.

There is a presumption that courts decide threshold issues of arbitrability, including whether the parties are bound by the arbitration clause or whether the arbitration clause applies to a particular type of controversy. *See BG Grp., PLC v. Republic of Argentina*, 572 U.S. 25, 34 (2014). But the parties can overcome that presumption with "clear and unmistakable evidence" that they agreed to delegate to the arbitrator the responsibility for resolving "gateway" questions of arbitrability. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (internal quotation marks and internal quotations omitted).

In *Rent-A-Center*, the Court held that parties may delegate to the arbitrator the question whether the arbitration agreement itself is unconscionable, as well as other disputes about the scope or validity of the arbitration agreement. *See* 561 U.S. at 68–70. The Court explained that "[a]n agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Id.* at 70.

The agreement in *Rent-A-Center* included language giving the arbitrator "exclusive authority to resolve any dispute relating to the . . . enforceability . . . of this Agreement." *Id.* at 68. There was no dispute that the language in the agreement was sufficiently clear to overcome the presumption that the court rather than the arbitrator should decide threshold issues of

arbitrability. *Id.* at 69 n.1 The plaintiff argued instead that it wasn't clear and unmistakable that his agreement was valid. *Id.* The dissent endorsed similar reasoning: "[The plaintiff's] claim that the arbitration agreement is unconscionable undermines any suggestion that he 'clearly' and 'unmistakably' assented to submit questions of arbitrability to the arbitrator." *Id.* at 80–81 (Stevens, J., dissenting). But the Court rejected that argument, concluding that the "clear and unmistakable" requirement is simply a rule for interpreting the contract, and it doesn't apply to questions about the validity of the contract. *Id.*

The language in the agreement at issue in *Rent-A-Center* isn't meaningfully different from the language in Haas and Slate's agreement. The agreement states that the arbitrator will decide "claims related to setting aside this Clause," "claims about the Clause's validity and scope," and "claims about whether to arbitrate." That language unambiguously delegates to the arbitrator the authority to decide any objections to the enforceability of the arbitration agreement. The agreement also states that the parties are "waiv[ing] their rights to "[h]ave courts, other than small-claims courts, solve Disputes." Dkt. 6-1, at 7. So, for the purpose of this case, the agreement is clear that the arbitrator has exclusive authority to resolve questions about the validity or scope of the arbitration agreement.

*Rent-A-Center* acknowledged that § 2 of the FAA allows parties to challenge an arbitration clause with "generally applicable contract defenses, such as fraud, duress, or unconscionability." 561 U.S. at 68 (internal quotation marks omitted). So "[i]f a party challenges the validity under § 2 of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement under § 4." *Id.* at 71. But if the delegation provision is valid, or if a party is challenging the arbitration agreement generally rather than the delegation provision specifically, then any issues included in the

4

delegation provision must be decided by the arbitrator, including issues about the scope and validity of the arbitration agreement. *Id.*

The Court explained why a party's ability to challenge delegations to the arbitrator is so limited, pointing to the language of the FAA:

> Section 2 [of the FAA] states that a "written provision" "to settle by arbitration a controversy" is "valid, irrevocable, and enforceable" *without mention* of the validity of the contract in which it is contained. Thus, a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate.

*Id.* at 70–71 (emphasis in original). Applying this rule, the Court concluded that the plaintiff's challenges to the validity of the arbitration agreement must be decided by the arbitrator because the plaintiff hadn't raised any objections to the delegation provision specifically; rather, he was asserting that the arbitration agreement as a whole was unconscionable. *See id.* at 72–74.

In this case, Hass's objections are related to the arbitration agreement generally or to parts of the arbitration agreement other than the delegation provision. Specifically, she says that the agreement is invalid because it misrepresented that "courts and arbiters won't allow class actions" and because it requires her to waive many of her rights, in violation of the common law and the Wisconsin Consumer Act. Under the parties' agreement and *Rent-A-Center*, those objections must be presented to the arbitrator.

It is a closer question whether this court may consider Haas's argument that the arbitration clause should be "rejected" because it "purports to extend to claims that do not arise from the loan, further purports to reach back to the dawn of time, and further purports to extend to perpetuity." Dkt. 16, at 3. This is an argument about the type of disputes that the arbitration can decide, though it isn't clear whether Haas is arguing that the broad scope of the

agreement renders it unconscionable or that the court should construe the agreement narrowly so that it doesn't apply it to her claims. She doesn't develop an argument but instead summarizes the holdings of cases in which courts reached both conclusions. *See Smith v. Steinkamp*, 318 F.3d 775, 777 (7th Cir. 2003) (narrowly construing arbitration agreement so that it didn't apply to claims arising out of different agreement); *Valued Services of Kentucky, LLC v. Watkins*, 309 S.W.3d 256, 265 (Ky. Ct. App. 2009) (concluding that arbitration clause that was unconscionable "because it encompasses an intentional tort with so little connection to the underlying agreement that it could not have been foreseen by [the plaintiff] when he signed that agreement"); *In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F. Supp. 2d 1253 (S.D. Cal. 2012) ("[A] tort action arising from a completely separate incident could not be forced into arbitration—such a clause would clearly be unconscionable."); *Wexler v. AT & T Corp.*, 211 F. Supp. 3d 500, 505 (E.D.N.Y. 2016) (concluding that the parties didn't agree to arbitrate claims that weren't related to the parties' agreement).[1]

But regardless of whether Haas is making an argument about the scope or validity of the arbitration clause, the court concludes that this argument must also be resolved by the arbitrator. Haas is challenging the type of *claims* that must be arbitrated, but she hasn't asserted a specific argument about the scope or validity of the provision that requires the arbitrator to decide disputes about the scope or validity about the arbitration clause. Under *Rent-A-Center*,

---

[1] Haas doesn't argue that some of her claims fall outside the scope of the Federal Arbitration Act altogether because they don't "arise out of" her agreement with Slate and that the court rather than the arbitrator must decide the scope of the FAA. *See Viking River Cruises, Inc. v. Moriana,* No. 20-1573, 2022 WL 2135491, at *7 n.4 (U.S. June 15, 2022) ("[T]he terms of § 2 limit the FAA's enforcement mandate to agreements to arbitrate controversies that 'arise out of' the parties' contractual relationship."); *New Prime Inc. v. Oliveira*, 139 S. Ct. 532, 538 (2019) (arbitration clauses delegating arbitrability issues to the arbitrator don't apply to questions about the scope of § 2). So the court doesn't consider that question.

this court can only consider objections to "the precise agreement to arbitrate at issue," and in this case "the precise agreement" at issue is the delegation to the arbitrator questions about the scope and validity of the arbitration agreement as a whole. 561 U.S. at 71. Haas doesn't challenge or even mention that precise agreement in her brief, so the court must grant the motion to compel arbitration. *See id.* at 74 (the plaintiff's challenge to the motion to compel failed because he "did not make any arguments specific to the delegation provision; he argued that the fee-sharing and discovery procedures rendered the entire Agreement invalid").

Haas asks that the court stay rather than dismiss the case. But this court's general practice is to dismiss the case without prejudice if all of the claims will be arbitrated. *See Rock Hemp Corp. v. Dunn*, No. 21-cv-408-jdp, 2021 WL 5811226, at *7 (W.D. Wis. Dec. 7, 2021). And there is no prejudice to Haas in dismissing rather than staying the case. If either party wishes to confirm or challenge the arbitration decision at the conclusion of the proceedings, or if the arbitrator concludes that some or all of the claims aren't subject to arbitration, that party may move to reopen the case rather than file a new lawsuit. But if neither side needs further relief from this court, they need not move for dismissal later, and the court will not have to seek periodic updates from the parties regarding the status of the arbitration proceedings. In other words, a dismissal without prejudice is preferable because it avoids the administrative difficulties of a stay without impairing the parties' ability to seek relief from the court if necessary. So the court will dismiss the case without prejudice.

ORDER

IT IS ORDERED that defendant Slate Lending of Wisconsin's motion compel arbitration and dismiss the case, Dkt. 4, is GRANTED, and the case is DISMISSED without

prejudice. If either party wishes to confirm or challenge the arbitration decision at the conclusion of the arbitration proceedings, that party may move to reopen the case.

Entered June 21, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge